UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:21-CR-00268-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PAUL WILSON (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255(f)(3) in Light of New York Rifle & Pistol Association V. Kevin P. Bruen 142 S Ct 2111; 213 L. Ed 387; 2022 U.S. LEXIS 3055; 29 Fla. Weekly Fed. S 440 No. 20-843 June 23, 2022" (Doc. 58). Defendant, Paul Wilson, argues that 18 U.S.C. § 922(g)(1) is "unconstitutional and that he should be resentenced and released from prison." Wilson relies on *New York Rifle &. Pistol Association v. Bruen*, 142 S.Ct. 2111 (2022). The government maintains that Wilson is procedurally barred from raising this challenge in a § 2255 motion. Alternatively, the government maintains that 18 U.S.C. § 922(g)(1) remains valid.

### INTRODUCTION

Wilson pled guilty to count one of an indictment charging him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § § 922(g)(91) and 924(a)(2).[1] He was sentenced to 84 months' imprisonment.

---

[1] Docs. 31, 35.

## LAW AND ANALYSIS

In a motion to vacate, set aside or correct sentence, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

The government argues that Wilson is procedurally barred from raising the issue of the constitutionality of § 922(g)(1). Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). *See also*, *United States v. Marion*, 248 F.3d 1143, 143 (5th Cir. 2001) ("Because Marion has been convicted and has exhausted his appeal rights, the court on collateral review may presume that he stands fairly and finally convicted."). If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *Placente*, 81 F.3d at 558 ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising

issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error.").

Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' . . . or that he is 'actually innocent.'"). Without a "colorable showing of factual innocence," he fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

The government argues that Wilson has not met the procedural bar in order for the Court to consider the *Bruen* case. The government agrees that the *Bruen* case is cognizable under § 2255 and is to be retroactively applied on collateral review.[2] Additionally, the government advises that *Bruen's* rule is substantive when applied to statutes because it held that the state lacked power to punish a law-abiding citizen for carrying a firearm in public for ordinary self-defense.

However, the government argues that Wilson is procedurally defaulted from raising the *Bruen* case in a § 2255 motion because he failed to raise it on direct review. The

---

[2] The government concedes that *Bruen* announced a new rule for purposes of collateral review because its holding that the Second Amendment protects the right to carry firearms outside the home without showing a "special need for self-defense," 142 S.Ct. at 2122, was not "compelled by existing precedent,"*Saffle v. parks,* 494 U.S. 484, 488 (1990).

government argues that Wilson may not raise that claim on collateral review unless he shows both "cause" and "actual prejudice" or that he is "actually innocent." *Bousley,* 523 U.S. at 622-623.

The government notes that Wilson did not argue that he had cause, but even if he did, he could not argue that it would have been futile to challenge his conviction on Second Amendment grounds before *Bruen* or that *Bruen* was so novel that his failure to raise the claim earlier should be excused.

In *Bousley,* 523 U.S. at 63, the Supreme Court stated that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." And although a claim is so "novel that its legal basis [wa]s not reasonably available to counsel" at the time of appeal can constitute "cause" to excuse a procedural default, see *Reed v. Ross*, 468 U.S. 1, 16-17 (1984), a text-and-history-based Second Amendment challenge to a federal firearms law does not meet that standard.  In other words, such a claim is not "novel" simply because *Bruen* recognized a "new rule" for retroactivity purposes.

The government argues, and the Court agrees, that to demonstrate "cause" sufficient to overcome procedural default, a "new retroactive decision" must also have announced a rule that was such a "clear break with the past" that "an attorney representing the defendant would not reasonably have had the tools for presenting the claim."  *Hargrave v. Dugger*, 832 F.2d 1528, 1531 (11th Cir. 1987) (quoting *Reed*, 468 U.S. at 17).

The government contends that the *Bruen* case is not novel, relying on *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) and *United States v. Anderson*, 559 F.3d

348, 352 (5th Cir. 2009), In these cases, the Fifth Circuit "relied on textual and historical analysis to find firearms restriction constitutional." *United States v. Grinage*, 2022 WL 17420390 (W.D. Tex. Dec. 5, 2022).

The government further argues that it would not have been futile for Wilson to argue that the historical analysis was applicable. Indeed, Fifth Circuit decisions have relied on the means-end scrutiny. See *Grinage,* 2022 WL 17420390, at *3 (referring to *United States v. McGinnis*, 956 F.3d 747, 755 (5th Cir. 2020) as applying the "means-end scrutiny only reluctantly". See also *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185 195 (5th Cir. 2012) (applying means-end scrutiny test and stating "if the law burdens conduct that falls within the Second Amendment's scope, we then proceed to apply the appropriate level of means-ends scrutiny").

Finally, the government argues that Wilson cannot show that he was actually innocent. An actual innocence claim requires a prior decision holding that the specific law in question is unconstitutional. Although *Bruen* clarified the framework for analyzing Second Amendment claims, it does not clearly demonstrate the unconstitutionality of federal firearms laws such that a prisoner can satisfy the demanding actual innocence standard.

The "actual innocence" standard is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quotation marks omitted). Thus, actual innocence must be "convincingly shown." See *McQuiggen v. Perkins*, 569 U.S. 383, 399 (2013). To that end, Wilson has not convinced this Court of his actual innocence.

The Court agrees with the government that because Wilson failed to make his Second Amendment challenge on direct review, he is procedurally barred from asserting it here in a § 2255 motion.

Even so, the Court further agrees with the Government that § 922(g)(1) is constitutional even after *Bruen*. In *Bruen*, the Supreme Court held that the Second Amendment protects the right of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home." 142 S. Ct. at 2122. *Bruen* struck down a New York law that required residents to demonstrate a "proper cause" to obtain a license to carry a handgun outside the home because the law "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2122, 2156.

*Bruen* does not question *Heller*'s statements about longstanding prohibitions, such as the possession of firearms by felons. For example, Justice Alito explained in concurrence that *Bruen* does not "disturb anything that [the Court] said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns." 142 S. Ct. at 2157 (Alito, J., concurring). Justice Kavanaugh emphasized that "the Second Amendment allows a 'variety' of gun regulations" and reiterated *Heller*'s statement about not "cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 2162 (Kavanaugh, J., concurring). Thus, language from *Bruen* and *Heller* indicate that § 922(g)(1) is still valid under the Second Amendment.

Wilson relies on *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, 2023 WL 4278450 (U.S. June 30, 2023), wherein the Fifth Circuit found that 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by a person subject to a domestic

restraining order, was unconstitutional. In *Rahimi*, Defendant "was not a convicted felon or otherwise subject to another 'longstanding prohibition[ ] on the possession of firearms' that would have excluded him." *Rahimi,* 61 F.4th at 452.

In *United States v. Washington*, No. 22-10574, 2023 WL 5275013, at * 1 (5th Cir. Aug. 16, 2023), the Court recently held that the defendant did not establish plain error in his claim that § 922(g)(1) violated the Second Amendment; the Fifth Circuit explained that the Court had yet to "address the constitutionality of § 922(g)(1)" and reasoned that "*Rahimi* suggests that *Bruen's* logic may not extend to this provision," because *Rahimi* refers to the application of the Second Amendment to "law-abiding" citizens. 2023 WL 5275013, at * 1. See also *United States v. Garza*, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (finding no plain error and stating that "there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied and . . . it is not clear that either *Bruen* or *Rahimi* dictate such as result"); *United States v. Johnson*, No. 22-20300, 2023 WL 3431238, at * 1 (5th Cir. May 12, 2023) (finding no plain error and rejecting defendant's Second Amendment constitutional challenge to § 922(g)(1)); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, at *1 (5th Cir. May 2, 2023) ("Because there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and it is not clear that *Bruen* dictates such a conclusion, Pickett is unable to demonstrate [plain error]"); *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Apr. 25, 2023) (same); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (same).

Finally, the majority of the district courts in the Fifth Circuit have continued to hold § 922(g)(1) constitutional. See *United States v. Mosely*, No. 22-620, 2023 WL 4765596, at * 3 (S.D. Tex. July 26, 2023) (denying motion to dismiss indictment and holding that existing precedent affirming constitutionality of § 922(g)(1) is binding); *United States v. Jeffery*, 2023 WL 4629556, at *4 (W.D. Tex. July 19, 2023) ("[Because] this Court is bound by a well-established line of Fifth Circuit precedent on Section 922(g)(1) that does not directly conflict with *Bruen*, this Court is required to adhere to that precedent until the Fifth Circuit or Supreme Court dictates otherwise."); *Shipley v. Hijar*, 2023 WL 353994, at * 4 (W.D. Tex. Jan. 20, 2023) ("[T]he Court is bound by those precedents, and it must leave it to the Fifth Circuit to decide whether its decisions survive *Bruen*."); *United States v. Thompson*, Criminal Action No. 22-173, 2023 WL 3159617, at * 4 (E.D. La. April 27, 2023) (denying motion to dismiss and holding "the authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone").

Here, the Court finds that based on the jurisprudence cited herein, Wilson's reliance on *Bruen* as it pertains to 18 U.S.C. § 922(g)(1) is misplaced.

## **CONCLUSION**

For the reasons explained herein, the Court finds that Wilson is procedurally barred from challenging his conviction because he failed to raise it on direct appeal. Furthermore, the Court finds that even if there was no procedural bar, 18 U.S.C. § 922(g)(1) remains valid, thus Wilson would not be entitled have his conviction, or sentence vacated and/or corrected. Accordingly,

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255(f)(3) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 26th day of October, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**