UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:21-CR-00268-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PAUL WILSON (01)** | **RETIRED MAG JDG JRS KAY** |

**MEMORANDUM ORDER**

Before the Court is a "Motion under Federal Rules of Procedure Rule 60(b) for Relief by Order, Setting Aside court's Judgment Denying Petitioner/Movant's Underlying Motion under 28 U.S.C. § 2255" (Doc. 68). In his Motion, Defendant Paul Wilson, moves for the Court to reconsider its denial of its previous Order denying Defendant's § 2255 motion because the Court did not rule on a certificate of appealability and because the *Rahimi* decision is pending in the United States Supreme Court. Defendant relies of Rule 60(b) of the Federal Rules of Civil Procedure which provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Government argues that Defendant cannot use Rule 60(b) to circumvent the bar against successive § 2255 motions. The United States Supreme Court has held that a Rule 60(b) motion is a successive habeas motion if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution for a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If a petitioner addresses "not the substance of the federal court's resolution of a claim on the merits but some defect in the integrity of the federal habeas proceedings," a district court can entertain the Rule 60(b) motion. *Id.* Claims that can properly be brought under Rule 60(b) include assertions of "fraud on the habeas court" or challenges to procedural rulings "that precluded a merits determination" for reasons such "as failure to exhaust, procedural default or statute-of-limitations bar." *Id*. at 532 n.4. Although *Gonzalez* dealt with a § 2254 motion, its holding has been extended to § 2255 motions. *United States v. Hernandes*, 708 F.3d 680 681 (5th Cir. 2013).

Here, Defendant complaints are not the type of challenge that can be brought under Rule 60(b). First, not addressing the certificate of appealability is not a "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Also, Defendant's claim regarding the *Rahimi*[1] decision is not a defect in the integrity of the federal habeas proceedings. As such, this Court does not have jurisdiction to consider Defendant's claim concerning *Rahimi*, which is simply a successive § 2255

---

[1] In *United State v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, 2023 WL 4278450 (U.S. June 30, 2023), the Fifth Circuit found that 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by a person subject to a domestic restraining order, was unconstitutional.

motion and Defendant has not obtained a certificate from the Fifth Circuit to file a successive § 2255 motion. Accordingly,

**IT IS ORDERED** that the Motion under Federal Rules of Procedure Rule 60(b) for Relief by Order, Setting Aside court's Judgment Denying Petitioner/Movant's Underlying Motion under 28 U.S.C. § 2255 (Doc. 68) is **DENIED;**

**IT IS FURTHER ORDERED** that the Certificate of Appealability as to this Court's Memorandum Order[2] denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255(f)(3) in Light of New York Rifle & Pistol Association V. Kevin P. Bruen 142 S Ct 2111; 213 L. Ed 387; 2022 U.S. LEXIS 3055; 29 Fla. Weekly Fed. S 440 No. 20-843 June 23, 2022 (Doc. 58), is **GRANTED.**

**THUS DONE AND SIGNED** in Chambers on this 22nd day of February, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. 67.