UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:21-CR-00268-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PAUL WILSON (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release (Doc. 88) and a Motion to Appoint Counsel (Doc. 91). The Government opposes Defendant, Paul Wilson's request for compassionate release.

## INTRODUCTION

Defendant, Paul Wilson pled guilty to count one of an indictment charging him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § § 922(g)(91) and 924(a)(2).[1] He was sentenced to 84 months' imprisonment. In November 2019, the Calcasieu Parish Sheriff's Office responded to a complaint that involved Defendant shooting a dog. Defendant was alleged to be responsible for shooting the dog and the officers located a 9 millimeter pistol in Defendant's vehicle.[2]

On May 10, 2020, Defendant was encountered by officers related to a shooting in which a victim was shot. The victim stated that Defendant had shot him. The officers located a .45 caliber pistol in a trash can close to where the shooting occurred.[3] The officers

---

[1] Docs. 31, 35.
[2] PSR, ¶ ¶ 10. 11.
[3] PSR, ¶ 12.

found a shell casing inside Defendant's pocket, and one box of .45 caliber live rounds of ammunition in Defendant's car.[4]

Prior to these incidents, Defendant had been convicted in 2000 for aggravated battery,[5] which caused serious bodily injury to two individuals with the use of a dangerous weapon.[6] In 2002, Defendant was convicted of aggravated robbery in Texas.[7] Defendant was under supervision when the related criminal matter from August 1, 2020 and May 16, 2022, occurred.[8] As such, both shootings in this matter occurred while Defendant was under some form of supervision.

On October 20, 2021, Defendant was indicted by a Grand Jury with two counts of possession of a firearm by a convicted felon.[9] Defendant pled guilty to Count One of the Indictment on September 15, 2022.[10] The record indicates that Defendant faced a maximum of 10 years imprisonment,[11] and his guideline sentencing range was calculated as 84 to 105 months.

On February 13, 2023, Defendant was sentenced to 84 months imprisonment followed by three years supervised release. Defendant's approximate release date from the Bureau of Prisons is July 14, 2027.

---

[4] PSR, ¶ 13.
[5] PSR, ¶ 36.
[6] PSR, ¶ 36.
[7] PSR, ¶ 37.
[8] Doc. 88-4, p. 2.
[9] PSR, ¶ 1.
[10] PSR, ¶ 4.
[11] PSR, ¶ 93.

## **LAW AND ANALYSIS**

The Court first notes that Plaintiff has appealed this Court's Memorandum Order denying his § 2255 Motion.[12] That appeal has been docketed by the Fifth circuit court of Appeals at #24-30217. That appeal is still pending. As such, Rule 37 of the Federal Rules of Criminal Procedure provides three options when a motion if filed at the district level pending an appeal. This Court may defer considering the instant motion, deny the motion on its merits, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.* The Court will address Defendant's motion on the merits.

Here, Defendant contends that his medical condition meets the criteria for extraordinary and compelling reasons for early release—or a sentencing modification. Defendant complains that he needs a knee surgery, and he has hypertension, sleep apnea and blood in his urine. Defendant attaches 14 pages of medical records to support his assertions.[13]

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3)

---

[12] See Notice of Appeal, Doc. 82.
[13] Doc. 88-3, under seal.

where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 US.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[14] U.S.S.G. § 1B1.13.

The guideline policy statement, as amended effective November 1, 2023, is binding. 28 U.S.C. § 994(t). The application note sets forth conditions and characteristics that qualify as

---

[14] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

"extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). See generally *United States v. Handlon*, 97 F.4th 829, 832-33 (11th Cir. 2024) (the court may not grant relief based on a factor not addressed in the guideline; therefore, the district court did not err in a motion addressed before Nov. 1, 2023, in denying relief based on a claim of a parent's disability); *United States v. Chavez*, 2024 WL 24065, at *3 (S.D. Cal. Jan. 2, 2024); *United States v. Diamond*, 2023 WL 8724142, at *2 (S.D. Iowa Dec. 19, 2023) ("under § 3582(c)(1)(A)'s plain language, any reduction in sentence under this section must be 'consistent' with the Commission's policy statement in USSG § 1B1.13."); *United States v. Eggleston*, 2023 WL 8716876, at *4 (D. Md. Dec. 18, 2023); *United States v. Gonzalez*, 2024 WL 253664, at *4 (W.D.N.C. Jan. 23, 2024); *United States v. Eccles*, 2024 WL 83493, at *3 (W.D. Wash. Jan. 8, 2024). The Government contends that courts regularly deny compassionate release when a defendant's claim of extraordinary and compelling circumstances is not contained within and thus consistent with the policy statement itself.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[15] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions,

---

[15] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Here, the Government informs the Court that it requested Defendant's medical records from the BOP and received approximately 330 pages that confirm that Defendant has been receiving care for each of his complaints. Additionally, the Government remarks that a review of the PSR generally indicates that Defendant was already suffering from most, if not all of his ailments at the time of his sentencing.[16] The Government notes that Defendant's primary complaint is that his BOP treating physician will not perform a knee replacement.[17]

The Government argues that Defendant's knee pain and recommendation for surgery is not a "terminal illness," and is not a "serious physical or medical condition" or "serious functional or cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he ... is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(A) and (B). As noted, the BOP is providing both medicinal and physical treatment to Defendant.[18]

The Court agrees with the Government that Plaintiff's medical condition does not rise to the level of an extraordinary and compelling reason for early release or a modification of his sentence within the meaning of § 3582(c)(1)(A)(i). Additionally, even if Plaintiff's medical condition did rise to that level, Defendant has not persuaded this Court that he is not a danger

---

[16] PSR, ¶ ¶ 69-73.
[17] Doc. 88-4.
[18] Government exhibit 1, pp. 1-8, under seal.

to the safety of any other person or to the community, as provided in 19 U.S.C. § 3142(g); see also *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, had committed a violent offense, and had served less than half the sentence imposed).

Here, within a 7-month period, Defendant, a convicted felon, committed two shootings of a canine and a person, while being under supervision for aggravated battery with a dangerous weapon. Defendant has been arrested for armed robbery,[19] aggravated battery,[20] aggravated battery,[21] aggravated battery,[22] battery of a police officer,[23] attempted second degree murder,[24] and second-degree murder.[25] Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 9th day of January, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[19] PSR, ¶ 47.
[20] PSR, ¶ 50.
[21] PSR, ¶ 51.
[22] PSR, ¶ 53.
[23] PSR, ¶ 56.
[24] PSR, ¶ 58.
[25] PSR, ¶ 59.